**UNITED STATES of America,**
**Appellee,**

v.

**Michael P. MORIARTY, Defendant–**
**Appellant.**

**No. 03–1108.**

United States Court of Appeals,
Second Circuit.

Feb. 9, 2004.

Jeremy G. Epstein, Shearman & Sterling LLP, New York, NY, for Appellant.

Christopher W. Schmeisser, Assistant United States Attorney, District of Connecticut, New Haven, CT, for Appellee.

Present: NEWMAN, KEARSE, and POOLER, Circuit Judges.

## SUMMARY ORDER

Michael P. Moriarty appeals from a judgment convicting him, after a jury trial, of conspiracy to commit bank robbery and

of bank robbery. We assume the reader's familiarity with the underlying facts, procedural history, and specification of appellate issues and hold as follows.

The district court's admission of evidence that Moriarty used marijuana in the presence of co-conspirators who were using heroin during the period of time they planned the bank robbery was not error. The evidence was probative of "the mutual trust that existed between coconspirators" and therefore admissible under Federal Rule of Evidence 404(b). *United States v. Rosa*, 11 F.3d 315, 334 (2d Cir.1993). In addition, Moriarty denied that he had a close relationship with his co-conspirators and claimed that he did not wish to be associated with them because they had serious drug habits. Under these circumstances, the admission of evidence of Moriarty's less serious drug use cannot be considered more prejudicial than probative. *See, e.g., United States v. Edwards*, 342 F.3d 168, 178 (2d Cir.2003) (declining to reverse admission of prejudicial prior bad acts evidence because defendant repeatedly denied fact in issue to which bad acts evidence was relevant).

Evidence of prior convictions is admissible to impeach credibility. Fed.R.Evid. 609(a). Moriarty does not claim on appeal that the district court wrongly allowed proof of his prior convictions. He does, however, argue that the Assistant United States Attorney ("AUSA") went beyond impeachment and contended to the jury that the convictions could be used to prove his guilt. After reviewing the summations of counsel, we find that all of the AUSA's comments were aimed either at Moriarty's general credibility or at the credibility of a particular portion of his testimony.

We therefore affirm.